**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ricardo SALINAS, Defendant–Appellant.**

No. 06–10690.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2007 *.

Filed Aug. 28, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Christina Brown, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SILER,** McKEOWN, and BEA, Circuit Judges.

## MEMORANDUM ***

Defendant Ricardo Salinas appeals the district court's denial of his motion to suppress evidence. He entered a conditional guilty plea to the charge of possession of an unregistered firearm for which he was sentenced to a term of 80 months. He argues that the police violated his Fourth Amendment rights because they did not have reasonable suspicion to stop him, remove an icepick from the chest pocket of his bib overalls, or frisk him, which led to the discovery of a firearm. As a result of the encounter, Salinas was indicted for: (1) felon in possession of firearm and (2) possession of an unregistered firearm. The district court held that the initial encounter between the police detectives and Salinas was consensual, and that the removal of the icepick and subsequent frisk were constitutional. We affirm.

■ Salinas's initial encounter with the detectives was consensual. An encounter is consensual "[s]o long as a reasonable person would feel free to disregard the police and go about his business...." *Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) (internal quotations and citation omitted). Factors to consider are: "(1) the number of officers; (2) whether weapons were displayed; (3) whether the encounter occurred in a public or non-public setting; (4) whether the officer's officious or authoritative manner would imply that compliance would be compelled; and (5) whether the officers advised the detainee of his right to terminate the encounter." *United States v. Washington,* 387 F.3d 1060, 1068 (9th Cir.2004).

Here, Detective Kinch approached Salinas without his gun drawn. The encounter was in an alley behind a housing complex, which the district court found was a public setting under the circumstances. There is no evidence that Kinch spoke in

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit R. 36–3.

an authoritative tone, and when asked by Salinas what he was doing wrong, Kinch responded "nothing." Neither detective tried to block Salinas's path or obstruct him in any way until after Kinch observed the icepick protruding from Salinas' overalls.

▪ The officers had reasonable suspicion to remove the icepick from Salinas's overalls and to frisk him. The determination of reasonable suspicion is "based on commonsense judgments and inferences about human behavior." *Illinois v. Wardlow*, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). A frisk is justified "if a reasonably prudent person in [the officer's circumstances] would have been warranted in the belief that his safety [or the safety of others] was in danger." *United States v. Garcia*, 909 F.2d 389, 391 (9th Cir.1990).

Salinas' head was shaved and he was wearing clothing that the detectives knew to be characteristic of Hispanic gang members. He was walking in a neighborhood known for African–American gang activity. The detectives suspected that Salinas might be armed, given that the coat he was wearing could conceal a weapon. Further, they knew that there was a potential for violence between African–American and Hispanic gang members in the area.

Upon walking up to Salinas, Kinch observed what he believed to be the head of an icepick protruding from Salinas's bib overalls. This observation alone was enough to justify the removal of the icepick and the subsequent frisk. *United States v. Orman*, 486 F.3d 1170, 1176 (9th Cir.2007) (holding that police who are involved in a consensual encounter may conduct a protective search for weapons if

they believe a suspect to be armed and dangerous). As the frisk was constitutional, the firearm was lawfully discovered. There was no Fourth Amendment violation.

**AFFIRMED.**